IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY E. HOWARD,

      Plaintiff,                      No. 2:13-cv-1523 KJN P

   vs.

TIM VIRGA, et al.,

      Defendants.            ORDER

_____/

      Plaintiff is a state prisoner, presently housed at the California State Prison in Sacramento ("CSP-SAC"), proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff filed a 110 page complaint in which he lists 18 individuals as defendants. (ECF No. 1.) Plaintiff claims that he researched his identity and discovered that he is half Black and half American Indian ("AMI"). Plaintiff alleges that while he was incarcerated at Tehachapi, his classification was changed from Black to AMI, but that prison officials at CSP-SAC refuse to accept his classification as AMI, even though there is documentation in plaintiff's central file that plaintiff is AMI. Plaintiff also alleges that he was initially listed as AMI, but that during a racial lockdown between Blacks and Southern Hispanics, his race was changed to Black, and then after the lockdown, his race was changed back to AMI. (ECF No. 1 at 5.) Plaintiff claims that these changes were "done intentionally and illegally trying to correct their mistake of 'racial discrimination.'" (Id.)

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

3

§ 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Despite naming eighteen individuals as defendants, plaintiff includes no charging allegations as to each defendant. It is unlikely that all of these individuals were responsible for the lockdown or the alleged changes to plaintiff's racial classifications at issue here. Plaintiff must provide factual allegations as to each named defendant; generalized allegations are insufficient.[1]

---

[1] Moreover, plaintiff must first exhaust his administrative remedies to the Director's Level of Review prior to filing his complaint in federal court. Exhaustion of administrative remedies is a prerequisite for all prisoner suits regarding conditions of confinement, and is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Although plaintiff provided copies of administrative appeals, the appeals provided did not pertain to plaintiff's discrimination claim.

1   Generally, plaintiff does not have a constitutional right to a particular classification. See
2   Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting claim that a parole violator warrant and
3   detainer adversely affected his prison classification and qualification for institutional programs);
4   Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) ("a prisoner has no constitutional
5   right to a particular classification status"). However, plaintiff may be able to state a cognizable
6   claim as to his allegation that his request to be classified as an AMI was denied due to
7   intentional, unlawful discrimination. See Monteiro v. Tempe Union High School Dist., 158 F.3d
8   1022, 1026 (9th Cir. 1998) (plaintiff claiming denial of equal protection under § 1983 must plead
9   intentional unlawful discrimination or allege facts that are at least susceptible of an inference of
10  discriminatory intent). But plaintiff must specifically identify the individual or individuals who
11  allegedly discriminated against plaintiff, and provide factual allegations supporting his claim.

12  The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
13  unable to determine whether the current action is frivolous or fails to state a claim for relief. The
14  court has determined that the complaint does not contain a short and plain statement as required
15  by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a
16  complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones
17  v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least
18  some degree of particularity overt acts which defendants engaged in that support plaintiffs claim.
19  Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
20  complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

21  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
22  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.
23  Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named
24  defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some
25  affirmative link or connection between a defendant's actions and the claimed deprivation. Id.;
26  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743. Furthermore, vague

Case 2:13-cv-01523-KJN   Document 7   Filed 08/30/13   Page 6 of 8

and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is advised that he does not have to re-attach the 103 pages of exhibits provided.  Such exhibits are now part of the court record and may be referred to by any party.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

1 also bear the docket number assigned to this case and must be labeled "Amended Complaint."
2 Failure to file an amended complaint in accordance with this order may result in the dismissal of
3 this action.

4 DATED: August 30, 2013

```
                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
```

howa1523.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY E. HOWARD,

        Plaintiff,                No. 2:13-cv-1523 KJN P

    vs.

TIM VIRGA, et al.,               <u>NOTICE OF AMENDMENT</u>

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

DATED:

                                    _____
                                    Plaintiff