UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY E. HOWARD,<br><br>         Plaintiff,<br><br>    v.<br><br>TIM VIRGA, et al.,<br><br>         Defendants. | No.  2:13-cv-1523 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff's amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
6  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
7  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
8  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
10  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
11  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
12  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
13  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
14  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
15  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
16  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
17  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
18  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

19   However, a complaint should be dismissed for failure to state a claim if, taking all well-
20  pleaded factual allegations as true, it does not contain enough facts to state a claim to relief that is
21  plausible on its face.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "Threadbare recitals of
22  the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.
23  at 1949 (citing Bell Atlantic Corp., 550 U.S. at 555).  Plaintiff must set forth "sufficient factual
24  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S. Ct.
25  at 1949 (quoting Bell Atlantic Corp., 550 U.S. at 570).

26        A claim has facial plausibility when the plaintiff pleads factual
      content that allows the court to draw the reasonable inference that
27        the defendant is liable for the misconduct alleged. The plausibility
      standard is not akin to a "probability requirement," but it asks for
28        more than a sheer possibility that a defendant has acted unlawfully.

> Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 129 S. Ct. at 1949 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

Here, plaintiff filed a 27 page amended complaint against 19 defendants.  Plaintiff begins his amended complaint by generally indicting the care of prisoners at California State Prison - Sacramento ("CSP-SAC"), claiming that defendants "have engaged in and continue to engage in a pattern or practice of failing to protect inmates at CSP-SAC from undue risk of harm," by failing to provide adequate supervision, inmate classification, medical and mental health care, exercise opportunities, or adequate environmental health and fire safety.  (ECF No. 14 at 7.)  Plaintiff contends that long term budget cuts have caused a "nutritional crisis and inadequate calories in intentionally shorted food issues to sustain health" [sic].  (ECF No. 14 at 7.)  Plaintiff contends defendants have engaged in retaliation and reprisal against inmates and those with whom they correspond for the lawful exercise of their constitutional rights.  (ECF No. 14 at 8.)  Plaintiff then includes a laundry list of alleged "acts and continuing practices" that he contends puts him at serious risk of additional harm, including, *inter alia*, interfering with mail, media materials, access to the free press; setting up violent incidents; maintaining a "bad faith grievance - 'peace officer' complaint process;" blocking court access by failing to provide photocopies and legal supplies; stealing or converting inmates' personal property and legal materials; failing to properly inventory or receipt seized property, and failing to provide due process for inmates to obtain return of such property; and issuing false reports and prison disciplinaries.  (ECF No. 14 at 8-9.)[1]  Plaintiff seeks equitable relief, but asks the court to enjoin defendants from "continuing the acts, omissions, and practices set forth in paragraphs 14-18."  (ECF No. 14 at 25.)

---

[1]  Plaintiff also contends that the State of California and the CDCR are "in contempt of court regarding previous orders of the United States Supreme Court and lower court rulings involving prior prison civil rights litigation.  Involving many of the same issues listed above in this complaint."  (ECF No. 14 at 10.)  Plaintiff is advised that challenges to orders in other cases must be raised in those cases by the parties to such litigation.

First, the amended complaint does not contain a short and plain statement as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to each of the defendants and state the elements of each claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff rambles on in an apparent effort to touch upon everything plaintiff has found disagreeable while housed at CSP-SAC. The complaint is so wide ranging with respect to time, claims, and defendants that it comprises a "shotgun" pleading requiring amendment. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001) ("a shotgun complaint leads to a shotgun answer" and "disjointed pleadings make it difficult, if not impossible, to set the boundaries for discovery"); Anderson v. Dist. Bd. of Trustees of Centr. Florida Comm. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996) ("[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice"); Smith v. Rainey, 2010 WL 4118096, *16 (M.D. Fla. 2010) ("[w]hatever the merits of the underlying claim(s), [plaintiff risks] having them overshadowed by the manner in which these claims are alleged").[2] Indeed, it is not until page 20 of the complaint that plaintiff begins to describe specific allegations as to each defendant, and many of these allegations fail to rise to the level of a constitutional violation. Moreover, plaintiff's requested relief refers the reader back to the portion of the amended complaint that sets forth generalized complaints about the care of inmates at CSP-SAC. (ECF No. 14 at 7-10.) In order to state a cognizable civil rights claim, plaintiff must make clear how his constitutional rights were violated by each defendant.

////

---

[2] "One common theme of Rule 8(a), Rule 9(b), Iqbal, [and] Bell Atlantic Corp. . . . is that plaintiff[] must give the defendants a clear statement about what the defendants allegedly did wrong[;]" and "[o]ne common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then 'each count incorporates every antecedent allegation by reference.'" Sollberger v. Wachovia Securities, LLC, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010).

1          Second, this action is not proceeding as a class action. It is well established that a
2   layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366
3   F.2d 286 (9th Cir. 1966). Thus, plaintiff's generalized allegations concerning wide-ranging
4   treatment of inmates should not be included in any second amended complaint. Rather, plaintiff
5   may only pursue claims personal to himself.
6          Third, plaintiff names the State of California as a defendant. Plaintiff may not seek
7   damages from the State of California. "The Eleventh Amendment bars suits against the State or
8   its agencies for all types of relief, absent unequivocal consent by the state." Romano v. Bible,
9   169 F.3d 1182, 1185 (9th Cir. 1999) (citing Pennhurst v. Halderman, 465 U.S. 89, 100 (1984)).
10  In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's
11  claims against the State of California are legally frivolous and must be dismissed. Plaintiff
12  should not name the State of California as a defendant in any second amended complaint.
13         Fourth, amidst plaintiff's generalized allegations, plaintiff states that he seeks declaratory
14  relief by seeking a court order answering the question, "Are prisoners affected with PTSD entitled
15  to accommodations from their care provider (i.e., the CDCR [California Department of
16  Corrections and Rehabilitation]) under the Americans with Disabilities Act?" (ECF No. 14 at
17  12.) Plaintiff claims that answering this question would "serve the public interest, resolving a
18  dispute that affects the health and welfare of many persons in the CDCR." (Id.) However, the
19  exercise of judicial power under Article III of the Constitution depends on the existence of a case
20  or controversy. This means that a "federal court has neither the power to render advisory
21  opinions nor to 'decide' questions that cannot affect the rights of litigants in the case before
22  them." See North Carolina v. Rice, 404 U.S. 244, 246 (1971) ("To be cognizable in a federal
23  court, a suit must be definite and concrete, touching the legal relations of parties having adverse
24  legal interests. . . . It must be a real and substantial controversy admitting of specific relief
25  through a decree of a conclusive character, as distinguished from an opinion advising what the
26  law would be upon a hypothetical state of facts."). Plaintiff's claim for declaratory relief cannot
27  proceed here because answering the question posed "would be an advisory opinion, which the
28  Constitution prohibits." McQuillion v. Schwarzenegger, 369 F.3d 1091, 1095 (9th Cir. 2004);

5

1  see also Preiser v. Newkirk, 422 U.S. 395, 401 (1975) ("an actual controversy must be extant at
2  all stages of review, not merely at the time the complaint is filed."). Plaintiff should not renew
3  this request for declaratory relief in any second amended complaint.

4        Fifth, as plaintiff was previously informed, plaintiff must specifically allege a causal
5  connection or link between the defendant named and the constitutional violation alleged, and
6  generalized allegations based on a defendant's supervisory role are insufficient. (ECF No. 7 at 3-
7  4.) Supervisory personnel are generally not liable under § 1983 for the actions of their employees
8  under a theory of *respondeat superior* and, therefore, when a named defendant holds a
9  supervisorial position, the causal link between him and the claimed constitutional violation must
10 be specifically alleged. Plaintiff's claim that he had "personal dealings with all of the . . .
11 defendants" (ECF No. 14 at 19) is insufficient to demonstrate a causal connection between
12 defendants' actions and the constitutional violation alleged, and is insufficient to provide the
13 factual basis required for plaintiff's claims under Iqbal. Plaintiff's claims against Warden Tim
14 Virga, Governor Jerry Brown, and Secretary of Corrections Jeffrey Beard appear to be based
15 solely on their supervisory roles (ECF No. 14 at 4-5), and should not be included in any second
16 amended complaint absent specific factual allegations concerning their personal participation in
17 the alleged constitutional violations.

18       Sixth, verbal statements, abuse, and threats, without more, are not sufficient to state a
19 constitutional deprivation under § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir.1987)
20 (allegations that correctional counselor told plaintiff that he would transfer him to a higher
21 custody status unit if he tried to go to the law library and that he would be sorry if he filed a class
22 action suit were not actionable under § 1983); Freeman v. Arpaio, 125 F.3d 732 (9th Cir.1997)
23 (abusive language directed at prisoner's religious and ethnic background not actionable).

24       Seventh, plaintiff includes vague allegations concerning alleged false reports. "A prisoner
25 has no constitutionally guaranteed immunity from being wrongly or falsely accused of conduct
26 which may result in the deprivation of a protected liberty interest." Lopez v. Celaya, 2008 WL
27 205256 at *5 (N.D. Cal. Jan. 23, 2008), citing, *inter alia*, Sprouse v. Babcock, 870 F.2d 450, 452
28 (8th Cir. 1989). Although the filing of a false disciplinary action against an inmate is not a per se

civil rights violation, there are two ways that allegations that an inmate has been subjected to a false claim can state a cognizable civil rights claim. The first is when the inmate alleges that the false report was in retaliation for the exercise of a constitutionally protected right under the First Amendment. See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997) (retaliation claim must rest on proof that defendant filed disciplinary action in retaliation for inmate's exercise of his constitutional rights and that the retaliatory action advanced no legitimate penological interest); Newsom v. Norris, 888 F.2d 371, 377 (9th Cir. 1989). The second is when the inmate is not afforded the procedural due process required by the due process clause in connection with the issuance and hearing of disciplinary reports. See Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974); see also Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (claim that prison guard planted false evidence which resulted in disciplinary infraction fails to state a cognizable civil rights claim where procedural due process protections are provided).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of harm may be sufficient even if an inmate cannot allege a chilling effect. Id. In order to prevail on a retaliation claim, plaintiff must demonstrate that he engaged in protected conduct and that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). In the context of a retaliation claim brought by an inmate, the plaintiff must also demonstrate an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

In conclusion, the court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a

short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Moreover, plaintiff is advised that he may join multiple claims only if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  However, unrelated claims against different defendants must be pursued in multiple lawsuits.

////

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). For example, if plaintiff is challenging a rules violation report, he should not include that challenge in a complaint alleging a First Amendment violation.

Also, plaintiff is cautioned that exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. Thus, in any second amended complaint, plaintiff should only include claims for which he has exhausted his administrative remedies prior to the filing of the instant action.

Finally, the federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, stories, explanations, griping, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint

for violation of Rule 8 after warning);[3] see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and each defendant) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second

---

[3] In McHenry, the Ninth Circuit Court of Appeal observed that the Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  Id.  As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1.  Allegation of jurisdiction.
>
> 2.  On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3.  As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

McHenry, 84 F.3d at 1177.

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 20, 2013

/howa1523.14b

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE