UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY E. HOWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIM VIRGA, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-1523 KJN P<br><br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On November 20, 2013, the court dismissed plaintiff's complaint with leave to amend. After receiving extensions of time, on March 19, 2014, plaintiff filed a second amended complaint. Plaintiff's "Second Amended Complaint" includes two completed complaint forms, both bearing the instant case number. (ECF No. 24.) The first portion of plaintiff's filing addresses ten unrelated incidents ("unrelated incidents"). (ECF No. 24 at 1-20.) The second portion, encapsulated in its own complaint form entitled "Excessive Use of Force," addresses concrete Eighth Amendment violations resulting from an incident on November 1, 2013. (ECF No. 24 at 11-27.) Because these two complaints pertain to unrelated incidents, the court will address each complaint separately.

////

1. Unrelated Incidents

The first part of plaintiff's filing raises allegations from ten different and unrelated incidents from December 7, 2011, to January 3, 2013. (ECF No. 24 at 1-10.) This portion of plaintiff's filing suffers defects the court has addressed in prior orders. (ECF Nos. 7, 15.) Plaintiff again groups defendants together, without specifically identifying what each named defendant did to violate plaintiff's constitutional rights. (ECF No. 24 at 4, 6, 7.) Plaintiff was previously informed that he must specifically allege a causal connection or link between the named defendant and the constitutional violation alleged. (ECF Nos. 7 at 3-4; 15 at 6.)

Plaintiff alleges Sgt. Robichaud displayed "unprofessional conduct, disrespect and rude behavior" toward plaintiff. (ECF No. 24 at 4.) As plaintiff was previously informed, such allegations fail to rise to the level of a civil rights violation. (ECF No. 15 at 6.) Verbal abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); Freeman v. Arpaio, 125 F.3d 732 (9th Cir. 1997) (abusive language directed at prisoner's religious and ethnic background not actionable). "[A]n institutional employee's verbal harassment or idle threats to an inmate, even if they cause an inmate fear, anxiety, or discomfort, do not constitute an invasion of any identified liberty interest." McClellan v. Bassett, 2006 WL 2079371 (D. Va. 2006).

Plaintiff, who is a native American, appears to contend that he should not be housed with African American inmates. "Racial segregation, which is unconstitutional outside the prison, is unconstitutional within prisons, save for 'the necessities of prison security and discipline.'" Cruz v. Beto, 405 U.S. 319, 321 (1972) (quoting Lee v. Washington, 390 U.S. 333, 334 (1968) (per curiam)). Thus, plaintiff is not entitled to segregated housing based on race.

Plaintiff appears to allege that on March 6, 2012, both outgoing and incoming mail was lost while plaintiff was in administrative segregation. (ECF No. 24 at 4.) Plaintiff also alleges that on March 23, 2011, "outside support was returned to sender." (ECF No. 24 at 4.) Such

2

vague and conclusory allegations fail to state a cognizable civil rights claim. Such random incidents over the course of two years, without more, do not rise to the level of a constitutional violation. Grady v. Wilen, 735 F.2d 303 (8th Cir. 1984); Armstrong v. Lane, 771 F.Supp. 943, 948 (C.D. Ill. 1991) (unintentional losses and delays of plaintiff's mail, "while understandably frustrating . . . fail to rise to the level of a constitutional violation").

Plaintiff includes vague and conclusory allegations concerning errors in classification and false reports. Plaintiff does not have a constitutional right to a particular classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting claim that a parole violator warrant and detainer adversely affected his prison classification and qualification for institutional programs); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) ("a prisoner has no constitutional right to a particular classification status"). In addition, plaintiff again includes vague allegations concerning alleged false reports. As plaintiff was advised on November 20, 2013, "[a] prisoner has no constitutionally guaranteed immunity from being wrongly or falsely accused of conduct which may result in the deprivation of a protected liberty interest." Lopez v. Celaya, 2008 WL 205256 at *5 (N.D. Cal. Jan. 23, 2008). (ECF No. 15 at 6-7.)

Throughout the initial second amended complaint, plaintiff uses the terms "racial discrimination," and "retaliation," but fails to include factual allegations sufficient to support such causes of action. On August 30, 2013, plaintiff was advised that he must specifically identify the individuals who allegedly discriminated against plaintiff, and provide factual allegations to support such a claim, and directed him to pertinent Ninth Circuit authority. (ECF No. 7 at 5.) On November 20, 2013, the court provided plaintiff with the elements required to state a cognizable retaliation claim pursuant to Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). (ECF No. 15 at 7.) Plaintiff's conclusory use of these terms fails to state cognizable civil rights violation. Given plaintiff's repeated failure to include specific factual allegations, it is unlikely plaintiff can do so.

For all of the above reasons, plaintiff has failed to state cognizable civil rights claims in the initial portion of his March 19, 2014 filing. Plaintiff's original complaint was filed July 26, 2013. Despite being provided two opportunities, and multiple extensions of time in which to do

1 so, plaintiff has been unable to provide specific factual allegations to support cognizable § 1983
2 claims. Plaintiff continues to ignore the court's instructions, and to include multiple, unrelated
3 claims in one complaint. Accordingly, the undersigned finds it would be futile to allow plaintiff
4 to amend his unrelated claims, and dismisses plaintiff's unrelated claims without leave to amend.
5 Plaintiff shall not renew these unrelated claims in any third amended complaint.

6     2. <u>Alleged Eighth Amendment Violations</u>

7     As set forth above, plaintiff appended a separate complaint form entitled "Excessive Use
8 of Force." (ECF No. 24 at 11-27.) In this separate complaint, plaintiff alleges that on November
9 1, 2013, defendants Williamson, Wuest, Moltzen, and Bookout "slammed plaintiff on the
10 ground," and "aggressively attacked" plaintiff. (ECF No. 24 at 17.) Plaintiff claims these
11 defendants jumped on him, punched and poked him, and kicked plaintiff while he was face down
12 on the ground. Plaintiff alleges that defendants Bookout and Moltzen snatched plaintiff off the
13 ground and dislocated both of his shoulders. Plaintiff contends that defendant Johnson failed to
14 protect plaintiff, watching while these defendants used excessive force, and, after plaintiff was
15 cuffed, defendant Johnson "slapped hands with [defendant] Williamson and said, 'we finally got
16 Howard off the yard." (ECF No. 24 at 18.) After plaintiff was escorted to the C-Facility Medical
17 holding cage, plaintiff alleges that defendants Bookout and Moltzen grabbed plaintiff and
18 slammed his face into the metal cage mesh two times, cutting a deep gash, and causing bleeding,
19 swelling and bruising. While slamming his face, defendants Bookout and Moltzen allegedly told
20 plaintiff that they were "tired of [his] shit and the stupid appeals [he] filed on them and in the
21 courts." (ECF No. 24 at 18.)

22     Such detailed factual allegations state potentially cognizable claims against defendants
23 Williamson, Wuest, Moltzen, and Bookout based on allegations of excessive force, and defendant
24 Johnson based on plaintiff's allegation that defendant Johnson failed to protect plaintiff from the
25 use of excessive force, all in violation of the Eighth Amendment. <u>See</u> 28 U.S.C. § 1915A.

26     However, the court finds that the excessive use of force portion of the second amended
27 complaint does not state cognizable Eighth Amendment claims against defendants Whalen,
28 Montes, Gonzales, Herrera, Ayalos, Lujan, Clifton, Mendenwald, Vela, Teachout, Saeteurn, and

4

1   Erickson.  (ECF No. 24 at 19, ¶ 20.)  Unlike the detailed factual allegations set forth against
2   defendants Williamson, Wuest, Moltzen, Bookout, and Johnson, plaintiff lumps into one
3   paragraph ( no. 20) his claims against defendants Whalen, Montes, Gonzales, Herrera, Ayalos,
4   Lujan, Clifton, Mendenwald, Vela, Teachout, Saeteurn, and Erickson.

5         For example, although plaintiff claims in his paragraph 20 that defendants Whalen,
6   Montes and Gonzales used excessive force, plaintiff includes no facts as to what any of these
7   three did that allegedly constitutes excessive force.

8         Moreover, plaintiff claims that defendants Herrera, Ayalos, Lujan, Clifton, Mendenwald,
9   Vela, Teachout, Saeteurn, and Erickson "did nothing whatsoever to prevent, curtail, or limit the
10  force used."  (ECF No. 24 at 19.)

11        "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other
12  prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994).  "Being violently assaulted in prison is
13  simply not part of the penalty that criminal offenders pay for their offense against society."  Id. at
14  834 (internal citation omitted).  However, prison officials do not incur constitutional liability for
15  every injury suffered by a prisoner.  Id.  A prison official violates the Eighth Amendment "only if
16  he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to
17  take reasonable measures to abate it."  Id. at 847.  Under this standard, a prison official must have
18  a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or
19  safety.  Id. at 834.

20        Here, plaintiff alleges three separate incidents of excessive force on November 1, 2013.
21  Defendants Teachout, Saeteurn, and Erickson are medical staff, while the other named defendants
22  are correctional officers.  Plaintiff does not allege that medical staff were on the yard where the
23  initial use of force took place.  Indeed, plaintiff does not identify where each defendant was,
24  which portion of the alleged excessive force incident each defendant allegedly witnessed, and
25  what facts demonstrate that each named defendant had a sufficiently culpable state of mind.  If
26  plaintiff elects to pursue claims against these additional defendants, he must allege facts
27  demonstrating how each defendant's actions rose to the level of "deliberate indifference" to his
28  health and safety.  In other words, plaintiff must allege that the defendants knew he was at risk of

being attacked and explain how the defendants' response to this threat of attack was unreasonable. Plaintiff is cautioned that "prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment." Farmer, 511 U.S. at 844.

In addition, plaintiff contends "defendants" intentionally interfered with plaintiff's medical treatment following the November 1, 2013 use of force incident.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).) The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).) Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060.) In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health. . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegations concerning deliberate indifference to his medical needs following the November 1, 2013 use of force incident are vague and conclusory. Moreover, plaintiff again reverts to use of the generic term "defendants" without specifically setting forth facts as to each named defendant. Plaintiff has named 17 different individuals in connection with this claim, most of whom are correctional officers, not medical staff. Plaintiff may not simply claim each defendant intentionally interfered with his medical treatment without providing factual support to support each element.

Importantly, plaintiff concedes that the grievance process is not complete. (ECF No. 24 at 13.) The Prison Litigation Reform Act (PLRA) provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  In other words, a prisoner is required to exhaust all of his administrative remedies within the prison before he can include the claim in a new or ongoing civil rights lawsuit challenging the conditions of his confinement. Cano v. Taylor, 739 F.3d 1214 (9th Cir. 2014) (exhaustion of a claim may occur prior to filing suit or during the suit, so long as exhaustion was completed before the first time the prisoner sought to include the claim in the suit).  Exhaustion requires that the prisoner complete the administrative review process in accordance with all applicable procedural rules, including deadlines.  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006)

Plaintiff filed this action on July 26, 2013.  (ECF No. 1.)  Therefore, plaintiff may only raise his November 1, 2013 Eighth Amendment claims in this action if he has exhausted his administrative remedies as to such claims by the date his amended complaint is filed.  Cano, 739 F.3d at 1221.  Because plaintiff concedes he has not exhausted these claims, the court must dismiss the "Excessive Use of Force" Complaint.

However, plaintiff may have exhausted some or all of his Eighth Amendment claims. Thus, in an abundance of caution, the court will provide plaintiff an opportunity to file a third amended complaint, as set forth below, if plaintiff has now exhausted his administrative remedies as to his new Eighth Amendment claims accruing from the November 1, 2013 incidents.  But plaintiff is cautioned that if he files a third amended complaint yet has not exhausted his administrative remedies, he risks further delay inasmuch as such unexhausted claims will be subject to dismissal.  If plaintiff has not completed the exhaustion process, he may opt to voluntarily dismiss this action.

Nevertheless, if plaintiff has exhausted his administrative remedies, plaintiff may re-file the "Excessive Use of Force Complaint" (ECF No. 24 at 11-27), and the court will provide plaintiff with the forms necessary to serve defendants Williamson, Wuest, Moltzen, Bookout, and Johnson without further delay.  Or, if plaintiff has exhausted his administrative remedies as to all of the new Eighth Amendment claims, plaintiff may delay serving those five defendants and attempt again to state cognizable Eighth Amendment claims against the additional defendants

7

Whalen, Montes, Gonzales, Herrera, Ayalos, Lujan, Clifton, Mendenwald, Vela, Teachout, Saeteurn, and Erickson. If plaintiff chooses to pursue all of his Eighth Amendment claims against all of these defendants, he must re-allege his claims against defendants Williamson, Wuest, Moltzen, and Bookout based on allegations of excessive force, and defendant Johnson based on plaintiff's allegation that defendant Johnson failed to protect plaintiff from the use of excessive force, in addition to attempting to raise new Eighth Amendment claims against the remaining defendants.

Any third amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation

In a third amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

The third amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, all prior pleadings are superseded.

By signing a third amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

1    A prisoner may bring no § 1983 action until he has exhausted such administrative
2  remedies as are available to him as to each claim. 42 U.S.C. § 1997e(a).  The requirement is
3  mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  California prisoners or parolees may
4  appeal "any departmental decision, action, condition, or policy which they can demonstrate as
5  having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An
6  appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the
7  problem" and "action requested."  Therefore, this court ordinarily will review only claims against
8  prison officials within the scope of the problem reported in a CDC form 602 or an interview or
9  claims that were or should have been uncovered in the review promised by the department.
10  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are
11  warranted by existing law, including the law that he exhaust administrative remedies, and that for
12  violation of this rule plaintiff risks dismissal of his entire action.
13    Finally, as set forth above, plaintiff shall not include in the third amended complaint any
14  of the unrelated claims set forth in the first complaint contained in his March 19, 2014 filing.
15  (ECF No. 24 at 1-9.)
16    Accordingly, IT IS HEREBY ORDERED that:
17    1. Plaintiff's March 19, 2014 second amended complaint is dismissed, as follows:
18        a. Plaintiff's unrelated claims regarding incidents from December 7, 2011, through
19           October 2012, are dismissed without prejudice, but without leave to amend;
20        b. Plaintiff's excessive force and failure to protect claims against defendants
21           Williamson, Wuest, Moltzen, Bookout, and Johnson are dismissed with leave to
22           amend; and
23        c. Plaintiff's Eighth Amendment claims against defendants Whalen, Montes,
24           Gonzales, Herrera, Ayalos, Lujan, Clifton, Mendenwald, Vela, Teachout,
25           Saeteurn, and Erickson are dismissed with leave to amend.
26    2. Within thirty days from the date of this order, plaintiff must file:
27        a.  A third amended complaint as set forth above; or
28        b.  A notice of voluntary dismissal if plaintiff has not yet exhausted his

administrative remedies.

3. Failure to comply with this order will result in the dismissal of this action.

Dated:  March 28, 2014

/howa1523.14o

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY E. HOWARD,<br><br>            Plaintiff,<br><br>      v.<br><br>TIM VIRGA, et al.,<br><br>            Defendants. | No.  2:13-cv-1523 KJN P<br><br>NOTICE OF SELECTION OF OPTIONS |

    Plaintiff submits the following in compliance with the court's order filed

_____.

    _____      Third Amended Complaint

or

    _____      Plaintiff opts to voluntarily dismiss this action because administrative remedies are not yet exhausted.

DATED:

                                                       _____<br>                                                       Plaintiff